Case number 13-3906, Christopher Belmont v. Brian Cook. Order of argument is not to exceed 15 minutes per side. Ms. Srigardas for the appellant. May it please the court, my name is Sarah Srigardas and I'm here on behalf of the appellant, Christopher Belmonte. Are you reserving any of your time? Yes, I would like to reserve five minutes for rebuttal. You can put that podium up, too, if you want to. That one doesn't move. You can't put that up. Okay. Not a problem. Thank you, Your Honors. Christopher Belmonte was convicted of aggravated vehicular homicide and several counts of aggravated vehicular assault after a tragic accident occurred on a rainy night in December of 2008. This court requested three questions be specifically addressed in this oral argument. I will do my best to answer the questions that were presented. However, there was a substantive briefing done on the issues and I'd be happy to present supplemental briefing after this oral argument should this court see fit. The first question this court asked was whether or not the theory that Christopher Belmonte's trial counsel was ineffective for having failed to move to suppress the blood alcohol test because Mr. Belmonte was not actually subject to the arrest at the time he consented to the blood draw, whether that was properly presented to the district court, certified for appeal, and briefed on appeal. I would answer yes to all three of those questions. In terms of whether it was properly presented to the district court, in the opinion order issued by Judge Watson, Judge Watson did consider the merits of the argument when he found that he thought that the fact that he was not subject to arrest at the time that he consented to the blood draw was without significance to his constitutional claim. I would certainly disagree with that characterization. I think that the actual arrest is crucial to the claim as to whether or not the results of the blood alcohol test were validly admitted. However, the judge did consider it and when it was certified for appeal, again, Judge Watson specifically did not include, there were two other theories that were presented in the habeas petition. You're missing the next sentence, counsel. Moreover, petitioner did not present this argument to the state appellate court. So how have you satisfied exhaustion on that argument? Two issues with that. In terms of the general presentation to the district court, that was just my point that the court did consider it. With regard to the exhaustion in the state courts under your second question, initially the exhaustion defense was never raised in the district court and the doctrine of exhaustion is not a jurisdictional requirement and therefore I would initially argue that the state waived the argument for that defense. Also, I would argue that the question of the ineffective assistance of trial counsel for not filing that motion to suppress, which would have included the arguments about the inadmissible blood alcohol test, was presented to the state court. However, the particular facts surrounding whether or not he was subject to arrest was never specifically addressed in the court of appeals. I don't think that that means that this court cannot consider them at this stage of these proceedings. And I also think that the question of the arrest arose from the 10th district's finding. While there was no argument about it in the briefs, the court was the one that found that he was actually arrested at the hospital on that night in December of 2008. I'm really not sure who to ask about this statute. I don't know whether to ask you or your sister counsel there. This has to be one of the craziest state statutes that I have ever seen in my life and I don't understand how this works. You can't, you have to be under arrest to make an implied, in order to engage in an implied consent. Is that? I'm assuming you're referring to the implied consent on the statute. Yeah, that's what I'm referring to. You have to be under arrest before they read you the thing and get your implied consent. But if they read you something and you make a statement, it's not implied consent, it's actual consent. I mean this fellow actually consented, made a voluntary statement, didn't he? No, I wouldn't say that it was a voluntary statement. The case law has requirements for what the, before the officers can ask for consent to take your blood, breath or urine, there are specific requirements that they have to go through. That's what the statute requires. But if you don't go through that and you get actual consent to take blood, breath, whatever, why isn't that sufficient, at least for constitutional purposes? Well, for constitutional purposes, first of all I would say that following the statute there's due process implications that the state is required to follow their own laws and go through their own procedures that are set out. I understand that, but this, you know, most implied consent laws say that if you refuse, you're stopped, they think there may be drunk driving, you refuse to take a breathalyzer, you're giving implied consent for a blood draw. I mean that's what an implied consent law is. It's, if you don't do this, then your consent is implied and this statute doesn't, isn't that at all. I don't understand what it is. What does being arrested have to do with that? First of all, I would apologize on behalf of the General Assembly for writing such a convoluted and illogical oftentimes statute. However, the case law is you have to be actually arrested before this can take place. So supposing I just say you're under arrest. I don't have any probable cause to arrest you, but you're under arrest. Is that enough? Does that satisfy it? No, because it has to be a valid arrest. Okay, but so let's say you have probable cause, but you don't say you're under arrest, which is apparently what happened here. Why is that a problem? Again, I would cite back to the statute and the requirements that he has to be under the valid arrest. And they have to, the police officers of the state have to do something affirmatively to place you under arrest. He has to either, A, tell you there's information that can be provided on that BMV 2255 form that was not filled out, that was not provided, and he was unable to, I mean, something also to keep in mind is he had just been in a very serious car accident and shattered his hip. And so he was unable to, he was unable to consent to a lot of things because he was under that, because of the accident. All I can say is the case law supports that he is, that they were required to validly arrest him. And so, again, you need to have a valid arrest. You also need to have probable cause for that. And then, and then they can request the, then they can request the blood draw, the blood alcohol test. Counsel, getting back to the waiver, how about in this case? Did you yourself waive the issue in your opening brief? And I'm just reading the summary of argument that you have, page 21. Christopher Belmonte was denied his right to effective assistance of trial counsel. Trial counsel failed to file a motion to suppress based upon the fact that the police did not have probable cause to arrest Mr. Belmonte for operating a vehicle while impaired. That's your argument in your opening brief. I don't see you raising the issue in your opening brief as to lack of arrest. I see you arguing only lack of probable cause. I mean, haven't you waived it by not raising it in your opening brief? No, the, if you'll allow me to grab my brief, I can address it on rebuttal to cite to the point in my brief that I do raise the issue that he was not, that he was not. You mention it as a fact, but you don't raise it as an issue for us to decide. The issue you raise is there's no probable cause, which is the same thing that was raised in the state court and I thought in district court as well. I mean, the fact that you may mention some facts along the way doesn't present the issue to us and just tell me where other than an occasional mention of that have you raised the issue and asked us to reverse on that basis in your opening brief. I know in your reply brief you do, but that's not really sufficient. You have to do it in your opening brief. And again, I think the issue of the actual arrest is implicit in all of the arguments. It's implicit, but we decide issues that are raised on appeal and we, there's a lot of facts and we don't, in fact, we don't have, we don't really have to search for the issues. Absolutely. Okay. That's my job too. Is that your best, that because you mentioned in passing that he was not under arrest that you have preserved the issue in your opening brief? Again, I guess I would submit that the argument of the actual arrest is implicit in any argument as to whether or not there's probable cause. Well, no, they're actually different. I mean, you can have probable cause to arrest, which is different than whether they actually arrested him. And apparently under this strange statute, they actually have to arrest him. Not that they had probable cause to arrest, but they did not arrest him. Well, you need both. You need both. Okay. But you wouldn't make the argument that there was lack of probable cause for an arrest if there wasn't an arrest. The, and I guess that goes back to the 10th District's finding that that was not, that was never specifically addressed as to whether or not he was actually under arrest. The bottom line is that they took the blood draw. The blood draw was admitted at trial and that the issue of whether or not, the issue of whether or not there was probable cause or an arrest was not raised in the trial court, which is why it was the basis of the ineffective assistance of trial counsel. But you, but you still have to go back to state court at some point in connection with your ineffective assistance of counsel, raise the claim that you say was not properly raised below and give the states a chance to exhaust, to address it. Now, when I asked you that earlier, you just dismissed that argument by saying, well, the state didn't argue exhaustion. It's not jurisdictional. Are you conceding that you didn't exhaust this, that this was not exhausted before the state courts? Yes. There's, there's no, there's no way I, there's, there's no way to, there's no other way to argue that the case was not presented that he was not under the actual arrest at that time. It wasn't exhausted, meaning it wasn't fairly presented. There's no merits decision on the question of whether he was arrested before the state courts. Correct. So then you file your habeas petition and you, you mentioned that he wasn't arrested, but the premise of the argument is that there wasn't probable cause to arrest him. That's what you focus on. Right. That's what Watson focuses on. Right. Then he issues a certificate of appeal that doesn't address the question of whether he was under arrest. You, maybe you can infer that, but. And that's what, and that's what I have to do. That's, I mean. So then you don't make the argument in your opening brief. And it's only in your reply brief when finally this becomes a question of he wasn't under arrest. The, well the reason that it was in my reply brief is because of the state's argument that, that cited to several different factors that, where she was arguing that he was under, that he was actually subject to arrest. And so it was certainly responding to the state's argument there. This was, this was not something that, that, so that, that was the basis for including that information in the reply brief. The, the reality is for this court certainly, if you want to deny, if the claim is denied based on failure to exhaust in the state courts, I, I can't argue with that. You don't have to do that though. There are exceptions that, there are exceptions that you can consider this issue on the merits. And I think that, I think that you should because I think that at the end of the day, those test results should not have come in. And I think that Mr., Mr. Belmonte has attempted to exhaust every avenue to try to seek redress here. And I, I think that it, it warrants consideration by this court. I, I think that this court is, can do the merits determination. And I think you should and should find that there was no actual arrest and therefore the blood alcohol test results should never have been admitted. It's pretty hard in the habeas context for us to reverse the state courts when they never had an opportunity to rule on the, on the issue, which is the ineffective assistance of counsel. But we have to rule that they unreasonably applied clearly established federal law. How can we do that if the issue of the clearly established federal law was never presented to them? And particularly under all these, the recent reversals by the Supreme Court. I mean it doesn't look like habeas has got a lot of teeth in it anymore. You're right that, that the habeas standard is, is incredibly difficult. But I don't think that just because it's, it's difficult that this court should shy away from doing the right thing. Which I think in this case is, is, I think you can reverse and remand it to the, to the 10th District Court of Appeals to consider that issue. And there's certainly, you can also remand it to the district court to, to further consider that issue. We don't send things straight back to state courts. We have to send it back to the... The district court to then... So the question then before the district court would be whether it's exhausted and whether the district court wants to remand it back to the state courts or determine whether there's cause and prejudice. That would excuse the failure to exhaust. But once you find out, once it goes back for exhaustion, then you're going to find that there's a procedural bar, are you not? But there are... So exhaustion will be considered to have taken place, but then it will, the decision will base, will be based on a, on an independent reason from the state courts, which is, which is the procedural bar. So I'm just trying to figure out in my own mind how you get around all that. There are, like I said, there are several exceptions to the exhaustion requirement that, again, first of all, it needs to be, it needs to be raised. Otherwise, it can be waived. There are also under... But hold on just a second. But if you're not raising in your opening brief the question of whether or not he was actually arrested, and if that wasn't the subject or the thrust of the hearing before Watson, which seems to me to be pretty clear when I've read that material, how can you say the state has waived something that you didn't raise? You didn't really bring it up then until your reply brief. So how can you hold them to a waiver standard? First of all, it was specifically raised in the objections to the magistrate's report and recommendation. It was the first objection raised. And so it's not something that was never considered in the district court. I would also say that, again, I can cite in my brief where I do discuss... The waiver question is whether they waived your failure to present this to state court, not at the district court level. So how can they be held to have waived an argument about what you did or didn't do at the district court, I mean, before state court, if the argument didn't come up until your reply brief in the court of appeals? Again, I would disagree that it was... In other words, presenting it to the district court doesn't constitute, assuming that they did, doesn't constitute exhausting before the state court. Right. So what did the government do to waive that argument that it wasn't presented to the state court? When should they have asserted that, that they failed to do? In the district court, that any, I would say, in a reply to the traverse that was filed and a reply to the objections that were filed, that the state could have raised it at that point. Okay. Let me clear up one thing first. There are no lights on here. There's never been on any lights. Where are we on the time? Yeah. Are you timing this? Yeah, it's working over here. Where are we? Five minutes over. Okay. So let's see if there are any more questions for you, and then you'll get to come back. Okay. Anything else? Not at this time. No. Okay. Why don't you save that thought? Okay. And then you'll get, you'll have, you'll still have your full rebuttal, and if the state needs a few more minutes, then they can have that. Now it's on. It's not on on our side. We don't see it. We don't see it. You have to bring it in. Yeah, it helps to plug things in. I've discovered that over the years. Details, details. Yeah. May it please the court, I would like first of all to clarify what it was that the district court held with respect to when this issue was raised, whether or not he was actually arrested. In its opinion, the district court said on page three that it wasn't raised until he filed his objections. And so at that point, the district court said that is not a proper place to raise a new argument, and that is one of the reasons why the district court did not certify the question whether or not there was an arrest. And therefore, it's not, it wasn't properly before the district court. It is not properly before this court. However, I think there is one matter that could clarify the issue that this court was interested in. This court asked the parties to consider whether or not Mr. Belmonte was actually subject to arrest at the time he consented to the blood trial. The state court of appeals in its opinion said that the form 2255 indicates an arrest. And that language wasn't expanded upon. But in fact, the 2255 form itself begins by saying you are under arrest. Is the form in the record? It's not in the record. I looked for a copy of a form yesterday that would have been effective during the time period in question. I did not find one, but I think that I can. Just a minute. But was it put in the record in state court? It might. How do we know it says that? Because every form starts out by saying you are under arrest. That's the printed portion of a form? Yes. Is the form prescribed by the statute? It is. Even though we may not have a piece of paper, does the statute tell us that that language is in the form? Yes. The statute requires the language to be in the form. It requires the form to advise that not only is he under arrest, but he has a right to get an independent person to determine what his blood alcohol content is. It explains his rights. So am I right that even though it would appear on the surface anyway that the state didn't do any of the normal things incident to an arrest? Such as taking him off to jail. Yeah. They did not do that. In any way restricting his liberty or anything. So they don't arraign him, they don't do anything until weeks later. Well, it wasn't the officer who was at the hospital who was asked if he put him under arrest. And he said no, but that doesn't mean he wasn't under arrest. So what you're relying upon instead of the typical things incidental to the arrest is that for the technical purposes of this statute, saying you're under arrest... Constitutes arrest. They couldn't take him to jail because he was in the hospital. His injuries were critical. He was in the hospital for several weeks. And the police do not take you to jail when you are recuperating from serious injuries. And so they told him he was under arrest. And when he was released from the hospital, he was arrested and taken to jail. He posted bond. Was that after the indictment though? There's an indication that he wasn't arrested until after the indictment was returned. And I'm wondering if that happened while he was in the hospital. He was indicted February 11th and posted bond on February 13th. He was given credit for 31 days of jail time credit. While he was in the hospital? In January, he was given credit for being under arrest. So I believe that he was under arrest in the month of January. He posted bail February 13th. And when did this happen? This was December 19th, 2008. That's when the accident occurred. He had critical injuries. He was in the hospital. And I don't know where in the record it might be reflected. Maybe the testimony. But the trial court gave him credit for 31 days of jail time credit. So it would seem that he was taken to jail sometime in the month of January and posted bail on February 13th. He was indicted February 11th. Let me ask you sort of a related question that picks up on what your opposing counsel said. We're trying to find out where the constitutional violation is here, if there is one. And generally speaking, I think there isn't a constitutional violation for habeas purposes simply because of a failure to follow a state law. So if all of Mr. Belmonte's rights that are allegedly violated here arise under state law, first of all, is that a basis for habeas to start with? His constitutional claim is that his attorney violated the Sixth Amendment by failing to exercise a right. So that's his Sixth Amendment right, but then we go to Strickland. Yes. So I suppose you can violate Strickland by not raising a valid state law issue. Exactly. That's how we get that before us. Yes. So if all of that arises under state law, then you claim there's no violation of state law because the form says he was arrested. That's true. There was no violation of state law. The State Court of Appeals held that the form indicated an arrest, and even though the form was not quoted or cited in the Court of Appeals opinion, a 2255 form, the Administrative License Suspension form, also referred to as an implied consent form, actually begins by saying you're under arrest. It details your rights, and it provides that you may consent to a blood alcohol test. However, the law says, too, that the fact that you are under arrest for a violation of driving under the influence, that you have impliedly consented to a blood alcohol test. That is what the statute tries to say or does say. All right. That's what it says. So how did the Ohio courts come up with a rule that says once you've read that form, if there's no arrest, you can't voluntarily consent to have your blood taken? I gather that's what some of the cases say. I mean, forget implied consent. What if in that situation the officer tells you, we want you to sign a consent form for a blood draw, and you do it? Well, if there had not been an arrest. Yeah, there's no arrest. There actually is here. I know. I know that's the argument. But the officer comes to the hospital, and he says, you know, it looks like you are involved in a possible drunk driving violation, and we'd like to have a blood draw, but we need your consent to do it. And the person signs a consent. Isn't that good enough? I don't understand why this law would bar the admission of a blood test if it could be shown that the defendant voluntarily consented to it without regard to everything else. I think the law is that it's not considered voluntary under certain circumstances. And it wouldn't be considered voluntary if there is no probable cause for an arrest. And he argues belatedly if there is no arrest. However, there was an arrest here. If there had been no probable cause for an arrest and he had been arrested, then his consent would have been considered involuntary under Beck v. Ohio. Even if it was expressed consent and not implied consent. I find so. But let me ask you this. He gets to the hospital. He's in a coma, and they want to draw blood now because tomorrow or next week is too late. Right. What happens then? The name implied consent form is sort of a misnomer. It doesn't really mean that you have to get his consent. It means that you have consented. You are driving a vehicle under the influence of alcohol, and the law says in the statute, 4511.191, that that is consent to have a blood draw. So even though he expressly consented because he was asked, the officer could have had a blood draw whether he consented to it or not. An implied consent form is based upon the implied. Well, he was arrested except for the fact that he wasn't. Are you saying the only reason that they arrested him is because that's the language on the form? No. The reason they arrested him was because the officer believed he had violated the law. He believed that he had operated a motor vehicle under the influence of alcohol. But that officer said he didn't arrest him. He said he didn't. He probably meant he didn't take him to jail. Okay. Okay. But he was under arrest. He was under arrest. He was not free to leave the hospital after the hospital released him. So the ---- Is that your opinion or what? No. On the basis of saying that, if the officer says he's not under arrest, what is your evidence that he is under arrest? The form. He read the form. Okay, the form. We're back to the form. Right. The form represents the statute. The statute is the law. So if the form says he wasn't under arrest, then you take it that he was under arrest. Mr. You take it to the next step and say he wasn't authorized to leave the hospital. Is there some evidence that he had to do something, that he had to get permission to leave the hospital? Do we know that one way or the other in the record? Well, when you're released from the hospital, ordinarily you're free to go home. But he was in jail for 31 days. You're saying he went from the hospital directly to jail, do not pass go? I believe he had to. Is that in the record? Where do I find that in the record? The judgment entry gives him credit for 31 days. He was indicted February 11th. He posted bond February 13th. So he was only in jail after the indictment for two days. But the 31 days had to be the month of January, which would have been the accident was December 19th, 2008. He had serious injuries, so serious that he wasn't given a sobriety test at the scene of the accident. The officer came, saw him in the hospital, and arrested him because he said on the form, you are under arrest, these are your rights. After the hospital did the surgery, because they were serious injuries, he was in jail for 31 days. He was indicted February 11th. He posted bond February 13th, 2009. So he was arrested. He just wasn't taken off to jail. So let me ask you one final question. The officer arrives and reads him that form? Yes. And the form starts out saying you are under arrest. He read him the form after he asked him more questions. After Mr. Belmonte admitted that he had been drinking, he admitted that he went left of center. And that was obvious also from the scene of the accident. Okay. And then the question is can we take your blood sample? So he reads him the form. Did he read him the form? He did. He read him the form. He asked him if he could take his blood, but he could have taken it anyway. The law says by driving a vehicle under the influence of alcohol, you have impliedly consented to a blood alcohol test. It was a courtesy to ask him to consent to a blood draw, but the officer could, in fact, have taken his blood because he had probable cause to believe he had violated the OBI law. Did they have him sign a form or something? Yes. It was probably in the trial court record. The state trial court record? State trial court record. All right. Now that we're thoroughly confused, at least I am, your opposing counsel says that any concern about exhaustion is ill-taken here because you've waived an exhaustion argument. I agree with what you said earlier, Your Honor. They didn't raise it in the state court, any question about whether he was actually arrested or not, and the only time it came up was in the district court, at which point we have different lawyers looking at the facts differently. It may have appeared that he wasn't arrested. The argument came up. The district court said too late. You didn't raise it in the state court, and it's not properly before this court. Additionally, it wasn't properly before the district court because it wasn't in the petition itself as a claim. It was not a basis for arguing trial counsel was ineffective. Well, clearly Judge Watson thinks that exhaustion was an issue, but was that as a result of the state having pled that before the district court, or did he raise that on his own? Do you know? Judge Watson mentions that it was raised in the objections to the R&R. That was the first time the question whether or not he was. That's the argument, the legal argument about whether he was arrested. Yes. I'm saying Judge Watson says it wasn't presented below. Did he say that because you had argued that? No, I didn't argue it. It didn't come up at all until the objections. He pointed out as a collateral matter that it hadn't been raised in the state court. Therefore, it wasn't properly before the district court in any event, but it was also not even raised in the district court. So not only was it not a matter that I could have raised an exhaustion or procedural default argument about pertaining to what he did in the state court, it wasn't raised in the state court. It wasn't an issue in the district court. I couldn't argue that a non-issue wasn't exhausted. It wasn't a claim in the petition. It wasn't discussed in the petition. It wasn't discussed in the memorandum in support of the petition. It only came up when he filed objections to the R&R. At that point... What did the objection look like? I object to what's being found here because I object to the report because I wasn't actually under arrest. Something like that. The same as is mentioned in passing in the principle... More of an objection than a factual statement in the R&R? It's an assertion of a fact that could create a new legal argument. The objection was as to the fact that there is a factual statement in the R&R that says that he was not under arrest or was under arrest, and the object said, no, he was not under arrest. Is that what happened? I can't say exactly how without reviewing the objections. It was presented in the objections. However, I know that it was not an argument made as a separate legal basis of trial counsel ineffectiveness. It sounds to me like it's probably a factual objection as opposed to a legal objection, but we'll see. The other thing is, because it wasn't raised in the state court, I don't know if Ohio, if it's conclusive that this form begins by saying you're under arrest, if that's a conclusive determination or whether that establishes a rebuttable presumption you're under arrest or how Ohio courts view it. Do you view that with the other evidence? Did it mix? But we don't know because they've never ruled on it. Well, I did find an old case yesterday. I was going to see what was available, but the Ohio Supreme Court in Bryan v. Hudson, it's a 1997 case, discusses this 2255 form, and they read it into the record, and the form starts out you are under arrest, and the question was whether or not the officer who, according to the form, is to advise the person being arrested of the potential jail term or incarceration time based upon a possible conviction. The question was whether or not he has to specifically say how much jail time is a possibility, and the court in that case said that that's not his obligation. It doesn't sound like that answers my question, whether it's conclusive that that form, by saying so, under Ohio law you are deemed to be arrested. Whether that's just evidence of it or whether it creates a rebuttable presumption. No, it doesn't create a rebuttable presumption. He was under arrest. When a police officer says you are under arrest, I don't think there is any. That's your opinion. I mean, has the Ohio Supreme Court so held? Well, we didn't debrief that question because it wasn't presented at all. However, I would be happy to provide, if I can, a copy. I don't think it's an issue here. I don't think it's a rebuttable presumption. I think it's a statement made by the police officer and that he, in fact, was under arrest in the hospital on December 19th. All right. Thank you. Counsel? Thank you, Your Honors. To begin with, I have a copy of the 2255 that was at issue in this case that I would be happy to submit to this court and to opposing counsel. I will say that the issue with the 2255 is that the officer checked a box saying offender was provided a copy of this form at the time of the arrest. There is no question that the officer checked that box. However, it says that he was unable to sign due to medical. It doesn't list any probable cause. The form wasn't filled out. Does it say you're under arrest? The part that was read to him, does it say you are under arrest? She may not have the part. I don't have the part that was read to him. What do you have in your hand? Can I approach you? Just tell me. It's a copy of the form that is filled out, the BMV 2255, that the officer is required to fill out that's supposed to state the basis. Okay. You don't have whatever they're reading from then? Correct. Do you know whether it says you are under arrest? Off the top of my head, I do not know. Let's assume that it does. Okay. Then what does that do to your argument? I still don't think that there's a problem because there's more to an arrest than just simply saying that you're under arrest. You have to, A, have an intent to arrest, be under real or pretend authority, and be accompanied by actual or constructive detention, which is understood by the person. Wait a minute. If the statute creates this whole scheme, if the statute says they have to be told they're under arrest, I'm just trying to figure out why that isn't enough. There's just more to it. They have to show that the person understood it, and they actually have to do something to affirmatively show that they were under arrest, which just to clarify. Wait a minute. An arrest normally means that you've submitted to the authority of the arresting officer. Correct. You're in a gurney, on a gurney, in a hospital having to have a serious operation. You're constructing an argument that seems to me says the police officer, when they go to the hospital, they then have to handcuff them to a gurney or something, or they've not followed the statute. How can that be true? They have to do something to show that he's actually under arrest. And just to be clear. And why is not saying you are under arrest not enough if, in fact, that happened? So long as the statute requires that the form be filled out, and the form's not filled out. Like I said, if the statute requires that he be told he's under arrest, which I don't believe he was ever told he was under arrest, and I think this form actually supports the fact that he wasn't told that he was under arrest, because it says he was unable to sign due to medical. And isn't this precisely why we should not be addressing this? This is exactly why this is supposed to be presented to the state court. Two things on that. Granted, there are some circumstances where we may go ahead and decide to rule on the merits of something that's not presented. In light of the recent Supreme Court decisions, I can't imagine what that is, but let's assume there is such a situation. Why would this fit within that situation? I don't get it. Well, first of all, it is possible for you to review these issues. Like I said, the ---- How? You've told me we don't have the form? We don't know what he was actually told? The ---- we do have the form. Again, it was not filed in the district court. It was not. I believe that it was an exhibit at trial, so it should have been, but I was not able to find it in the electronic record. We don't have it then. Correct. This court doesn't have that record. Correct. So if you can't find it, how do you expect us to find it and then rule on it? If you're getting ---- now if we're looking at issues outside of the record, again, this would be a little bit beyond the scope of what I prepared for today. Are you making like a pinholster argument that ---- You want us to address issues that seem to be outside the record, i.e., the legal question, was he under arrest? That's what you want us to do. So let's just say we take you up on it. How do we then do it when we don't have the necessary information? Let's assume that from the state court's record that he was provided a copy of the 2255. I don't think the analysis ends there. I think the record does support both opposing counsel and I have both briefed the issues about his arrest after the hospital. I would say that the record supports the fact that he was not taken to jail afterwards, that he was free to leave at any time. The jail time credit that he was given was given at the time of his sentencing. There is a month between verdict and sentence. They found him guilty, took him into custody. What you want us to do is you want us to go back and parse through the state trial court record that may or may not contain this information and then rule on the merits of something that was not presented to the state court. But I think you don't need to do that because I think both opposing counsel and I presented the argument in our appellate briefs. They really haven't. But today they say he was under arrest when he was given his rights and I guess if we go there we have to determine whether he was or not and we don't, as Judge McKeek says, we don't have the record. At best this doesn't seem to me to be barred by pinholster because all pinholster says is you don't have an evidentiary hearing if there's been a state court decision on the merits. If there's no state court decision on the merits because you didn't fairly present it and it may or may not be barred by procedural default, then the Supreme Court I don't think has yet taken the next step in the footnote that is in pinholster and ruled on what are the permissible uses left of an evidentiary hearing under E versus D or D versus E, I've forgotten which is which. Are you following me? I do. Is that right? Yes. I agree with you. My understanding of pinholster is similar. Okay. Nothing further. Okay. All right. Thank you, Counsel. The case will be submitted and we want more briefing. We'll let them know. Yeah. We'll let them know if we want more briefing. We've talked about a lot of things today and you've both been gracious enough to volunteer to submit additional briefing, but before we get into that, we'll let you know if in our further review of the case we need to hear from you any further. Good. Fair enough? Thank you. All right. Thank you. You may adjourn the court.